# Third District Court of Appeal
## State of Florida

Opinion filed December 10, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1250
Lower Tribunal No. 24-56927-CC-05
_____


**Ninoska D. Bracho Martinez,**
Appellant,

vs.

**Jonathan M. Morey,**
Appellee.


An Appeal from the County Court for Miami-Dade County, Jeffrey Rosinek, Senior Judge.

Legal Services of Greater Miami, Inc., and James R. Glover and Jeffrey Hearne, for appellant.

No appearance, for appellee.


Before EMAS, MILLER and LOBREE, JJ.

LOBREE, J.

Ninoska D. Bracho Martinez ("Bracho") appeals a final judgment of

eviction from her residence. Based on the record before us, we reverse because the trial court prematurely entered final judgment without addressing Bracho's motion to determine rent.

The landlord, Jonathan M. Morey, filed an eviction complaint against Bracho and her husband for failing to pay rent. Five days later, Bracho, then self-represented, answered the complaint and filed a motion to determine rent contending that she overpaid the rent. Less than a month later, Bracho filed a letter with evidence she asserted supported her defense of payment. Morey moved for default on the basis that Bracho had not paid the requested rent into the court registry under section 83.60(2), Florida Statutes (2024). This motion erroneously stated that no motion to determine rent had been filed. The trial court issued a notice of special set Zoom/virtual hearing scheduled for "Defendant's Letter." At that hearing, the trial court entered final judgment of eviction.[1] Bracho obtained counsel and moved for rehearing and to vacate the final judgment. The trial court denied the motion.

On appeal, Bracho contends the trial court erred by entering final judgment without ruling on her motion to determine rent, and that she was

---

[1] We acknowledge the record contains no transcript of this hearing. Yet it is clear, even without the benefit of a transcript, that the trial court entered final judgment without consideration of the motion to determine rent as its order merely grants final judgment.

2

denied due process as the trial court entered the eviction final judgment at a hearing noticed only for "Defendant's Letter."[2]  The record shows Bracho timely filed her motion to determine rent and no order disposing of her motion was entered.  Under Florida law, an "undisposed-of motion to determine rent preclude[s] entry of final judgment based on nonpayment."  Axen v. Poah Cutler Manor, LLC, 323 So. 3d 800, 801 (Fla. 3d DCA 2021); see also Prince v. MCR Apts. 1, LLC, 326 So. 3d 228, 228 (Fla. 3d DCA 2021) ("[W]e conclude the tenant's motion for determination of rent, pending and unresolved in the trial court, precluded entry of the judgment."); Ramirez v. Lopez, 357 So. 3d 1281, 1281 (Fla. 3d DCA 2023) (reversing "the final judgment of eviction in this landlord-tenant dispute because the trial court should have set Tenant's motion to determine rent for an evidentiary hearing to resolve the disputed issue of how much rent Tenant should have deposited into the court registry").  Therefore, the trial court erred in granting the final judgment and we vacate the final judgment for eviction.[3]

---

[2] Although Bracho has relocated after her eviction, we exercise our discretion to dispose of this appeal on the merits, because "the eviction can have collateral consequences for the Tenants when they seek to obtain housing or credit." Ford v. Princeton Groves FL Apartments, 410 So. 3d 1272, 1277 n.2 (Fla. 3d DCA 2025) (quoting Alfonso v. Maiuri, 405 So. 3d 527, 530 (Fla. 3d DCA 2025)).

[3] Based on this disposition, we decline to reach the remaining argument.

Reversed and remanded.